UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
M.E. and P.E., on behalf of B.E.,                             :
                                                              :
                                Plaintiffs,                   :
                                                              :          **MEMORANDUM AND ORDER**
                     -against-                                :
                                                              :          15-CV-1651 (PK)
NEW YORK CITY DEPARTMENT OF                                   :
EDUCATION and CARMEN FARIÑA, in her                           :
official capacity as Chancellor of the New York City          :
Department of Education,                                      :
                                                              :
                                Defendants.                   :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

      Plaintiffs M.E. and P.E. brought this action, individually and on behalf of their daughter, B.E. (a minor), against the New York City Department of Education and Carmen Fariña, pursuant to the Individuals With Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400 *et seq.*, appealing an adverse administrative determination issued in November 2014 by a New York State review officer.  Before the Court is the parties' Motion for Settlement Approval (Mot. for Approval, Dkt. 22), pursuant to Local Rule 83.2(a), which governs the settlement of actions on behalf of infants.

      Local Rule 83.2(a) directs the court to proceed in conformity with New York State statutes and rules.  Thus, on a motion pursuant to Local Rule 83.2(a), the court reviews not only the settlement itself, but also documentary evidence that must include an affidavit from the infant's representative and an affidavit from the infant's attorney.  *See* N.Y. C.P.L.R. 1208; *Rodney v. City of New York*, No. 13-CV-6179 (RRM)(VMS), 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015).  The court may hold a hearing, but is not required to.  *See id.* at 3; *Sch. for Lang. & Commc'n Dev. v. N.Y. State Dep't of Educ.*, No. 02-CV-269 (JS)(JO), 2010 WL 1740416, at *2 (E.D.N.Y. Apr. 7, 2010), *suppl'ed by* 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), *R&R adopted*, 2010 WL 1752183 (E.D.N.Y.

Apr. 28, 2010). In support of their Motion, the parties have submitted for *in camera* review the Settlement Agreement ("Agreement") (Dkt. 22-3), a declaration of Michele Kule-Kurgood, Plaintiffs' attorney (Kule-Kurgood Decl., Dkt. 22-1), a declaration of M.E., one of the parents and legal guardians of B.E. (M.E. Decl., Dkt. 22-2), and contemporaneous time sheets for the period contemplated by the attorneys' fees provided for in the Agreement (Dkt. 22-4). The Court deems a hearing unnecessary.

Accepting or rejecting an infant compromise lies within the discretion of the district court. *Camac v. Long Beach City Sch. Dist.*, No. 09-CV-5309 (MKB)(GRB), 2013 WL 991355, at *2 (Mar. 13, 2013), citing *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010) and *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999). The court's role is to determine whether an infant compromise is "fair, reasonable, and adequate." *Camac*, 2013 WL 991355, at *2. *See Neilson*, 199 F.3d at 654; *S.W. v. City of New York*, No. 09-CV-1777 (ENV)(MDG), 2012 WL 6625879, at *1 (E.D.N.Y. Dec. 19, 2012). The court "need not decide the merits of the case or resolve unsettled legal questions." *Sch. for Lang.*, 2010 WL 1740416, at *3 (internal quotations omitted). Rather, the court is to compare "the terms of the compromise with the likely rewards of [ongoing] litigation." *Camac*, 2013 WL 991355, at *2. *See Neilson*, 199 F.3d at 654; *S.W.*, 2012 WL 6625879, at *1. There is a "strong presumption…that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently…." *Camac*, 2013 WL 991355, at *2. *See Sch. for Lang.*, 2010 WL 1740416, at *2. In addition, the views of the infant's parent or guardian regarding the fairness of the settlement are accorded deference. *See id.*, at *3; *see also S.W.*, 2012 WL 6625879, at *1.

The Court finds the settlement in this action fair, reasonable, and adequate. Comparing the

terms of the Agreement with the possible outcomes of further litigation, the Court finds that further litigation could not yield rewards for B.E. more beneficial than the terms of the Agreement. (See Mot. for Approval, Dkt. 22; Agreement, Dkt. 22-3; Kule-Kurgood Decl., Dkt. 22-1; M.E. Decl., Dkt. 22-2.) Further, the settlement is presumptively fair and reasonable. The Court presided over a Settlement Conference in this action, and thereby observed the settlement to be the product of arm's-length negotiation. The proponents of the settlement were represented by counsel with twenty-two years of experience practicing in this particular area of law. (Kule-Kurgood Decl. ¶¶ 6-13, Dkt. 22-1.) And both parties had access to a wealth of information about the case through the underlying administrative records, making it possible for counsel to proceed intelligently. (See Pls.' Mot. to Introduce Evidence, Dkt. 10.) In addition, the infant plaintiff's parent supports the settlement. (M.E. Decl. ¶ 20, Dkt. 22-2.) The Court accords that determination deference.

The Settlement Agreement is accordingly approved and so-ordered. The parties are directed to file a Stipulation of Dismissal by September 9, 2016.

                                        **SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
             September 1, 2016